No. 2552.

THE ST. LOUIS, TEXAS & ARKANSAS RAILWAY COMPANY v.
MARY B. BURNS.

1. DAMAGES—PLAINTIFF MUST SHOW INJURY—BURDEN OF PROOF—REA-
SONABLY CERTAIN.—An old woman, aged seventy, in the night time,
was put off a train a few hundred yards from the station where she
should have been left. The ground was wet and it was raining. Sub-
sequently she was ill. There was testimony that the bronchial affec-
tion from which she suffered may have resulted from rheumatism, to
which she was subject, old age or a hereditary predisposition to con-
sumption. The court charged the jury, "If the proof shows the
sickness was not the result of her being put off, but that it is reasona-
bly certain that it would have resulted from her age and health, and
that such sickness is reasonably certain to result from age, rheuma-
tism and predisposition to consumption, and that the treatment
of plaintiff on that night did not superinduce the disease, then the
railway company would not be liable for any permanent injury."
Held:

(1) The instruction changed the burden of proof from plaintiff to the
defendant.

(2) It devolved upon the plaintiff to show that the injury was caused
by the defendant.

(3) The degree of certainty is not that required in civil cases. "Rea-
sonably certain" is equivalent to an exclusion of reasonable doubt.

2. DUE CARE.—It was error in the court to instruct the jury that a longer
time should have been allowed to an infirm woman, etc. The jury are
the judges upon all the facts as to the care required, etc.

APPEAL from Upshur. Tried below before the Hon. F. J.
McCord.

This is an appeal from a judgment for three thousand five
hundred dollars in favor of appellee, and against appellant, for
personal injuries arising from and caused by the defendants
carrying her beyond the station to which she had purchased a
ticket. The plaintiff is an old woman, put off in a strange
place, several hundred yards from the station. It was insisted
that much suffering and permanent disease was caused by the
exposure, etc.

The defendant answered by general denial, and specially
that the employes of the railway company at the time halted
 ...

the train for the usual time; that proper notice of the station was given in each car; and that plaintiff, by her want of care, contributed to her sufferings, etc.

The facts are set out in the opinion.

*N. Webb Finlay*, for appellant: 1. It was the duty of the jury to determine what was a reasonable length of time the train should have stopped to allow the plaintiff to get off, and the charge of the court that what would be a reasonable time for a man would not be a reasonable time for an aged lady, was an unwarranted assumption of the functions of the jury and a charge upon the weight of evidence. (Rev. Stats., art. 1317; Rogers v. Broadnax, 24 Texas, 542; R'y Co. v. Murphy, 46 Texas, 366; R'y Co. v. Kane, 2 Ct. App. Civil Cases, sec. 21; Altgelt, Executrix v. Brister, 57 Texas, 435; R'y Co. v. Copeland et al., 60 Texas, 328; Dawson v. R'y Co., 11 Am. and Eng. R'y Cases, 136.)

2. The court erred in that portion of the general charge wherein the jury are told: "If the proof shows that the sickness was not the result of her being put off, but that it is reasonably certain that it would have resulted from her age and health, and that such sickness is reasonably certain to result from age, rheumatism and premonition to consumption, and that the treatment of plaintiff on that night did not superinduce the disease, then the railway company would not be liable for any permanent injury," because said charge reverses the rule of proof and puts upon the defendant the burden of proving that the sickness did not result from the exposure complained of, while under the law, the burden was on plaintiff to prove affirmatively that such sickness did result from the particular cause alleged.

*H. McKay*, for appellee.

GAINES, ASSOCIATE JUSTICE. The appellee was a passenger on the railroad of appellant, having a ticket to the station known as Bettie. She failed to leave the cars when the train reached the station, and was carried a few hundred yards beyond it, where she was put off. She was seventy years old. It was between eight and nine o'clock at night; the ground was wet and it was raining slightly. She brought this suit,

claiming that the train was not stopped at the station a sufficient time to enable her to alight in safety; that she had suffered from fear and anxiety by reason of being put off away from the station at night, and that, on account of the exposure, she had contracted disease and her health was permanently impaired.

At the time of the trial she was shown to be suffering from a bronchial affection, which was serious and probably permanent. Upon the question whether this disease resulted from the exposure to which appellee had been subjected, there was a conflict of evidence. There was testimony that it may have resulted from rheumatism, to which she was subject, old age, and a hereditary predisposition to consumption.

Upon this issue the court charged the jury as follows: "If the proof shows that the sickness was not the result of her being put off, but that it is reasonably certain that it would have resulted from her age and health, and that such sickness is reasonably certain to result from age, rheumatism and premonition* to consumption, and that the treatment of plaintiff on that night did not superinduce the disease, then the railway company would not be liable for any permanent injury."

This instruction is assigned as error, and the assignment is well taken. The court puts the burden upon the defendant to show that the sickness would have resulted notwithstanding the exposure. To enable plaintiff to recover for her sickness, she was bound to show affirmatively that it resulted from the exposure, and the burden rested upon her throughout the trial. Upon an issue of this character the burden of proof never shifts. (Clark v. Hills, 67 Texas, 141, and cases there cited.) The instruction is erroneous for another reason. The use of the term "reasonably certain," in defining the degree of proof required of the defendant, was clearly objectionable. "Certain" means "free from doubt" (Webster's Dictionary, word "certain"), and to say that proof of a fact must be made reasonably certain is, by the literal import of the words, tantamount to saying that the proof must be made beyond a reasonable doubt. This has been expressly held as to the phrase "moral certainty" (Commonwealth v. Costley, 118 Mass., 1), which we take it are equivalent to the words "reasonable certainty." (Common-

---

*NOTE.—The word "premonition" was the word used in the charge of the judge.

wealth v. Webster, 5 Cush., 295.) From the amount of damages found by the jury, it is most likely that they found the issue under consideration in favor of appellee, and we can not say that they were not influenced in that finding by the errors in the charge of which appellant complains. The judgment must therefore be reversed.

We are also of opinion that there was error in so much of the charge as instructed the jury that "what would be a reasonable time for a man" to alight from a train "would not be for a lady that is aged." What was a reasonable time under all the circumstances was wholly a matter of fact for the consideration and determination of the jury, and whether more time was required for her by reason of age, sex or infirmity, than for a person of the other sex, whose energies were unimpaired, should have been left to their decision.

The other questions raised by the assignments of error are not likely to arise upon another trial, and need not be considered.

For the errors in the charge of the court the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 19, 1888.

