## HODGES v. HODGES.

### No. 4813.

Court of Civil Appeals of Texas. Amarillo.

Oct. 18, 1937.

Rehearing Denied Jan. 3, 1938.

Underwood & Strickland, of Amarillo, for appellant.

E. T. Miller and Clayton & Bralley, all of Amarillo, for appellee.

JACKSON, Chief Justice.

This suit was instituted on July 25, 1936, in the district court of Hutchinson county, Tex., by the appellant, Muriel Blue Hodges, to secure, because of cruel treatment, a divorce from the appellee, J. C. Hodges, to whom she was married on June 17, 1931, and from whom she separated on June 20, 1936.

She also applied for an order directing appellee to file in court a verified inventory and appraisement of their community property and a temporary order enjoining him from disposing of any of the community property or contracting any debts on account thereof until the further order of the court. She asked that on a final hearing the divorce be granted and the community property be divided.

On the same day the court in chambers issued an order requiring appellee to file the inventory and appraisement and directing the clerk to issue a writ for the injunctive relief sought.

On August 14th, the appellee filed an inventory and appraisement, and thereafter supplemented such appraisement by additional reports of the business done, the moneys collected and paid out. On October 26, 1936, appellee answered by general denial; alleged that all the property he owned was the American Boiler & Welding Works located in Borger, Tex.; that the community debts were equal to the value of the community property, and asked that any partition of the community property be made subject to the payment of community debts.

He alleges that on June 21, 1936, he gave his wife a check for $500 for support pending the final dissolution of their marriage; that on the next day she purchased a new Dodge car, paying therefor in cash $961 out of the community funds; that at and previous to the date of separation she took household goods which belonged to the community of the value of $800; that prior to the separation he gave his wife an oil lease, fully described; and in any accounting of the community estate, all such matters should be taken into consideration; that not exceeding 20 per cent of the face value of the bills receivable disclosed in the inventory is collectable.

On a trial before the court without the intervention of a jury, the divorce was granted and the bonds of matrimony dissolved by a decree of which no complaint is made by either party on this appeal.

The court finds that appellee owned and operated the American Boiler & Welding Works at the time of his marriage to appellant; that some additions, improvements, and equipment were acquired during the marriage; that prior to the separation appellee gave her the oil lease described; that on June 21, 1936, he gave her $500; that on the next day she purchased a new Dodge car, paying therefor out of community funds the sum of $961; that she obtained certain household goods and electrical appliances, draperies, and silverware, etc., all of which the court adjudged to be appellant's fair share of the community property. The remainder of the property he adjudged to appellee, but against him and his part of the community estate all of the community debts were charged, including several years of delinquent taxes, the amount of which is not disclosed.

The appellant urges by proper assignments that the court erred in holding that the $500 paid to her in cash on June 21st, and the $961 paid by her out of the community funds for a Dodge car on June 22d, the household goods and the oil lease she received constituted her fair share of the community estate.

The appellee filed no briefs and hence has furnished us no assistance either as to the law or the facts.

The testimony shows that the oil lease mentioned had no value; that the household goods were secondhand, and the evidence offered was insufficient to show their market value or that they had no market value, but considering the values of such goods as estimated by the appellant and the appellee in their testimony, the court was justified in concluding that neither of the parties had suffered a financial loss in the division of the household goods.

The appellant contends that the record shows without dispute that the bills receivable listed amounted to $5,377.24; that the good will of the business had a value of $4,650; that the other community property, excluding the household goods, had a value of $4,650, all of which amounted to $14,677.24. These figures are taken from the record by appellant, but are not conclusive since the testimony was sufficient to warrant the court in finding that not exceeding 50 per cent., or $2,688.62, of the bills receivable was collectable; that the good will of the business had no greater value at the date of the trial than it had at the date that appellant and appellee were married. She concedes that the community debts, after deducting the amount against the Buick car purchased by appellee subsequent to the separation and some other items, amounted to $5,756.91. This indebtedness and the 50 per cent of the bills receivable, $2,688.62 not collectable, together with the value of the good will, $4,650, aggregate $13,095.53. This sum deducted from the $14,677.24, leaves the sum of $1,581.71 as the value of the community at the date of the trial. Since her separation from her husband, she had received and appropriated $500 in cash and the $961 she paid for the automobile, or a total of $1,461.

She secured on December 15, 1936, an order of the district court directing appellee to pay her $60 a month from November 1, 1936, until a final decree was had in this case. On this date, the alimony amounts to the sum of $720. In a final settlement, the court in the exercise of his discretion is authorized to require her to account for all she has received from the community. 15 Tex.Jur. 590, par. 114; Stone v. Stone, Tex.Civ.App., 40 S.W. 1022; Williams v. Williams, 60 Tex.Civ.App. 179, 125 S.W. 937, 1199; Aucutt v. Aucutt et al., Tex.Civ.App., 63 S.W.2d 755. Under the record and authorities, in our opinion, no such abuse of discretion is disclosed as constitutes reversible error.

The appellant challenges the action of the trial court in determining a reasonable attorney's fee to be only $250 because the undisputed proof shows that a reasonable fee would be not less than $500.

In determining the value of the services of a lawyer, experts may be called to give their opinion as to the value thereof. The appellant called an attorney, who, after being advised of the nature of the suit and that the property involved had an estimated value of more than $13,000, testified that in his opinion a reasonable minimum fee for the services of appellant's attorney would be $500.

Since a jury was waived, the trial court was required to determine all fact issues, and his determination thereof is as binding upon this court as the finding of a jury on a fact issue. It is apparently settled that the weight and sufficiency of the opinion of an expert on the value of services are to be considered by, but are not conclusive upon, a jury. In the Encyclopedia of United States Supreme Court Reports, volume 6, pages 206 and 207, it is said: "The ultimate weight to be given to the testimony of experts is a question to be determined by the jury; and there is no rule of law which requires them to surrender their judgment, or give a controlling influence to the opinion of scientific witnesses."

In American National Insurance Company v. McKellar, 295 S.W. 628, this statement of the rule is quoted with approval by the Beaumont Court of Civil Appeals.

In Edwards et al. v. West Texas Hospital et al., Tex.Civ.App., 89 S.W.2d 801, 808, it is said: "The jury has the right to weigh the testimony of experts and to accept or reject all or any part of it at their option."

782

See, also, National Life & Accident Co. v. Muckelroy et al., Tex.Civ.App., 40 S. W.2d 1115, and authorities therein cited.

The court occupying in this case the position of a jury, the expert testimony offered as to the reasonable value of the services of. appellant's attorney was not conclusive, but he was authorized to consider it and accept or reject all or any part of such testimony. He had before him the entire record, the pleading, the evidence, the value of the property to be partitioned, and the testimony of the expert attorney; and found a reasonable fee to be $250. This finding will not be disturbed.

We have duly considered all the matters complained of by appellant and concluded that no reversible error is revealed by the record, and the judgment is affirmed.