## CITY OF BIG SPRING v. FLETCHER et al.

### No. 2195.

Court of Civil Appeals of Texas. Eastland.

Nov. 21, 1941.

Coffee & Coffee, of Big Spring, for appellant.

Thomas & Thomas, of Big Spring, and Chas. H. Slaughter, of Stanton, for appellees.

FUNDERBURK, Justice.

O. D. Fletcher and wife, Lola Eva Fletcher, brought this suit against the City of Big Spring seeking to recover damages for personal injuries sustained by Mrs. Fletcher as the result of a fall on or from a sidewalk in said city. Primarily the ground of recovery alleged was the maintenance of a nuisance. The alleged nuisance consisted of the allowance or maintenance "for more than two or three months an opening in the said sidewalk [that is, the sidewalk between two named streets] in the shape of holes, crevices and gaps, near the edge of the sidewalk or described as the step from the pavement up to the main sidewalk in that a portion of said sidewalk or step was chipped and broken leaving a large crevice or hole and gap, approximately 12 inches of the concrete step wasted or broken away *with approximately 3 or 4 inches in the upper portion by the edge of the sidewalk;* that at the point where this chunk of concrete was broken out of this portion of the walk and steps, the sidewalk is approximately 18 or 20 inches higher in elevation than the street and that this auxiliary or secondary step at the curb is part of the sidewalk and approached thereto * * *." (Italics ours.) Three other grounds of recovery based upon negligence were alleged "somewhat in the alternative" and "in addition to the facts" alleged to constitute a nuisance and liability therefor as follows: (2) Failure to "repair and cause to be repaired the said defective portion of said sidewalk after actual or constructive notice thereof having been had"; (3) failure to maintain a sufficient light at the point of the alleged defect; and (4) failure to maintain a barricade or a warning notice or flare at such point.

In a jury trial only issues embraced in the above second ground of recovery (negligent failure to repair alleged defects) were submitted to the jury. The plaintiffs made no motion for a peremptory instruction or judgment in their favor, and hence it is assumed that there was no evidence sufficient to support any of the other three alleged grounds of recovery. They are deemed to have been waived. The verdict of the jury being in favor of the plaintiffs, judgment was rendered accordingly, from which defendant has appealed.

Hereafter Mrs. Fletcher will be referred to by name, or as plaintiff, and the City of Big Spring as the City or defendant.

By the verdict of the jury it was found that "on the 3rd day of February, 1940, there existed a break or defect in the sidewalk in question"; that defendant "by the use of ordinary care by and through its agents, servants and employees would have known of the existence of such break or defect prior to February 3, 1940"; that the "failure * * * [of Defendant] to repair such break or defect * * * prior to the 3rd day of February, 1940, constituted negligence"; that such negligence was the proximate cause of plaintiff's fall and that damages resulted from the fall in sums aggregating $158.90. From all the evidence it appeared conclusively that there were two breaks in the sidewalk near together but disconnected, one comparatively large, the other small. The larger break was described in the pleadings as set forth in the foregoing statement, with exception of the italicized clause. Interpolated in such description was the italicized clause constituting the only mention in the pleadings of the smaller break. That clause read in the light of its context would, expressed in full, be as follows: With approximately 3 or 4 inches in the upper portion by the edge of the sidewalk wasted or broken away.

Thus, it appears that plaintiff's petition itself gave no notice of any independent importance to be attached to the smaller as distinct from the larger of the two "breaks" in the sidewalk. There was no suggestion that such smaller break was in and of itself the cause of the fall or that the City had any actual or presumed notice of it, or that its existence was alone negligence or a proximate cause of the injuries. In other words, the two "breaks" were treated as a unity and all the allegations of nuisance, negligence, notice, proximate cause and damages had no special or independent reference to either one of the two breaks, but to both as a unity. The special importance of the smaller break as distinct from the larger was disclosed by the evi-

dence in the case. It is deemed a fair statement of the substance of plaintiff's testimony bearing upon the point that as she started to step off the sidewalk onto a concrete step about 6 inches below and about 12 to 14 inches above the street, she stumbled and fell out into the street landing 3 or 4 feet from the step. She said there was a crack on top of the sidewalk proper and first said her left foot hung in the crack and started her to falling and that as she started falling her right foot stuck in the (larger) hole in the step and threw her into the street; but she amended her testimony and as corrected it was to the effect that when she stepped, not knowing there was a crack, she felt something throw her and it turned her foot under her and she tried to catch with her other foot and missed and went down and struck a rock in the other (larger) loose hole. As to the size of the two breaks, cracks or holes she said the one in the step was 12 or 18 inches (wide or long), the whole step being broken through and the one on top of the sidewalk where she first felt her ankle turn was between two and four inches "kind of slanting inward." On cross-examination, being asked if she said her shoe heel hung in a crevice her answer was "it did not exactly hang, it turned. It caused me to stumble. There was a rough place * * * the concrete is broken out in a cup like place with the rock there." As to the size of the (smaller) break she said: "I judge it is 1½ or maybe two inches deep at the deepest part next to the step leading down." Later asked if she said what caused her fall was her heel turning in the top crevice, she answered: "I couldn't state that was all the cause of it, but my foot did give way and before I knew what happened I was in that [large] hole and struck my ankle against the rough edge * * *. I didn't become over-balanced only when my ankle turned and the pavement caught me and threw me to the second step and grazed me. * * * I started when my foot struck in this crevice and the loose rock threw me out in the street; the [loose rock] was laying angling in that place [large hole] there might have been others but this large piece of concrete was what was loose."

The case for the plaintiffs was not made stronger by any other evidence. If it could be said that there was evidence to support a finding to the effect that had there been no break, crevice, or hole in the middle step between the step and top of the sidewalk (large hole) Mrs. Fletcher would not have fallen and, of course, would not have sustained the injuries resulting from such fall, then so far as any question of liability might be involved it would, perhaps, be immaterial that initially the fall was caused by the comparatively small break, crevice or hole in the top of the sidewalk. The case which such a condition would present would be that of concurring causes of an injury, one of which was negligence, and, therefore, rendering immaterial whether the other was or not, or was a proximate cause.

The top of the paved sidewalk was 18 or 20 inches higher than the adjacent paved street. Plaintiff so alleged and the evidence so showed. Between the street and top of the sidewalk was a concrete step about 6 or 8 inches below the top of the sidewalk. One break, crevice or hole (the large hole) was in this concrete step and practically amounted to a destruction of the step for a space of 12 to 18 inches. Under all the evidence describing it, it seems a misnomer to call such space a "hole." Had there been no step, no valid claim of negligence could have been predicated upon its absence. Had the step been so constructed as to leave a space of 12 or 18 inches at the place where it was broken away no claim of negligence, we think, could have been supported based only upon the fact of such a gap. But let it be assumed that the City having constructed the step and a segment of it having for some reason been removed was negligent in permitting such condition to remain after notice. Did that cause Mrs. Fletcher to fall? In other words, does it appear but that for that negligence she would not have fallen? Unless an affirmative answer may be made to that question then such negligence was, as a matter of law, not a proximate cause of the injuries resulting from the fall, since a proximate cause must first of all be a cause.

■■■ The evidence may raise a surmise or suspicion that but for the alleged defective condition of the step (the large hole) the plaintiff notwithstanding that she stumbled and started to fall would have landed her foot on the step and thereby have avoided the fall. But we cannot escape the conclusion that such evidence did not arise to the dignity of any proof. Mrs. Fletcher, as a witness, said that when her ankle turned the pavement caught her and threw her to the second step. That, of course, cannot be taken literally for we

know the pavement did no such thing. She must have meant that she tried to catch her balance on the sidewalk but failed to do so, missed it, and her foot went on down where but for the missing segment the step would have been. But there is nothing arising to the dignity of proof to show that she would have any more success in catching her balance on the step 6 inches below had it been there than on the sidewalk where she missed.

Besides, by her own testimony it was not the missing part of the step which she says threw her into the street but a loose piece of concrete lying in that space. There was no pleading regarding a loose piece of concrete being the cause of her fall. That, if material, was subject matter of an independent ground of recovery, but one not pleaded. When a party suing to recover damages for negligence alleges, as they are required to do, the acts or omissions constituting negligence, the recovery, if any, must be based upon such acts or omissions and a judgment cannot be sustained by proving a different act or omission not alleged.

In view of these conditions the defendant objected to issues which by the manner of their statement presupposed a defect in the sidewalk existing as a unity and ignoring the distinction between the "break" on the top of the sidewalk and the one in the step approaching the sidewalk. This was especially important since there being no evidence of actual notice to the City of the alleged defects there was an issue presented of presumed notice. The finding upon that issue was probably based alone upon the evidence relating to the nature of the break in the step and the time it had existed. There is, we think, no warrant for saying that the jury by their verdict meant to find that the "break" which under plaintiff's evidence alone caused her fall was of such nature and existing for such a length of time as that the City, in the exercise of ordinary care, would have known of it. We sustain the contention that the evidence was insufficient to support a finding that the condition which the evidence shows actually caused the fall had existed for such length of time and was of such dangerous character as to warrant the presumption of fact that the City had knowledge of it.

■ The issue submitted of presumed or constructive notice was stated thus: "Do you find from a preponderance of the evidence that the City of Big Spring by the use of ordinary care by and through its agents, servants and employees would have known of the existence of such break or defect, if any, prior to February 3, 1940?" Objection was made to the clause "by and through its agents, servants and employees", and it is argued that it permitted the jury to make its finding with reference to all agents, servants and employees of the City without being limited to such as had some duty with reference to the streets and to whom notice of defects would constitute notice to the City. In view of the disposition we have determined should be made of the case, we shall express no definite opinion upon this point further than to say that said clause was not necessary and the issue would have been better stated without it. No other question arises upon the statement of the issue and if the only objection to it was that above stated, then that objection may be avoided in subsequent proceedings by omitting the clause altogether.

■ Appellees admit there was error in the item of damages of $38.40 for "reasonable medical expenses and doctors' bills" but contend that a remittitur of $24.40, which they offer to make, will cure the error. There was evidence that doctors' bills in the sum of $14 were reasonable and customary. There was no such evidence as to the amount claimed as medical expenses. It is contended that the evidence of $14 doctors' bills was conclusive. The only evidence as to the reasonableness of doctors' bills was the testimony of the plaintiff Mrs. Fletcher. She was an interested witness. If that fact alone would not render the evidence inconclusive—a question we do not stop to decide—we do think that such fact considered with the further fact that the evidence consisted of an opinion would have that effect. In Texas Jurisprudence it is said: "The weight and sufficiency of opinions as to the value of services are determinable by the jury, as in other cases. They [the jurors] are not required to accept a witness's estimate, but, on the contrary, may in their discretion reject an opinion which they may deem unsound. This is particularly the case where the only evidence is that of interested parties." 19 Tex.Jur. 289, sec. 186. If the judgment could otherwise be affirmed, a remittitur of the entire item of $38.40 would be necessary.

We deem it unnecessary to discuss other questions which may not arise upon another trial.

For the reasons discussed, it is our conclusion that the judgment of the court below should be reversed and the cause remanded, which is accordingly so ordered.