## DOTSON et al. v. BRASWELL.

### No. 2374.

Court of Civil Appeals of Texas. Eastland.

May 21, 1943.

Rehearing Denied June 25, 1943.

Davis Scarborough and Dan Abbott, both of Abilene, for appellants.

T. J. McMahon, of Abilene, and George Gardere, of Dallas, for appellee.

FUNDERBURK, Justice.

This suit grows out of a collision on U. S. Highway No. 80 at a point east of Sweetwater and west of Abilene, between an automobile owned and driven by Horace Dotson, proceeding west from Abilene to Sweetwater, and a truck owned by J. V. Braswell, doing business as Braswell Motor Freight Lines, driven by T. L. Bingham, an employee of said owner, in the course of his employment, proceeding east from Sweetwater to Abilene. Horace Dotson was killed in the collision, and plaintiffs are his surviving wife, father and mother and minor children. The defendant is the said J. V. Braswell.

In a jury trial the several elements of two alleged grounds of recovery were found in favor of the plaintiffs, namely, (1) that the driver of defendant's truck "in turning his truck to his left and across the paved portion of the highway, immediately prior to the collision, was [sic.] negligence", and "a proximate cause of the collision;" and (2) that the failure of said truck driver "to turn his truck to the right, immediately prior to the collision in question, was negligence", and "a proximate cause of the collision * * *." The elements of one ground of defense were found in favor of the defendant, namely, that "immediately prior to the collision * * * the Dotson car was being driven at a speed in excess of fifty-five miles per hour," which was "a proximate cause of the collision * * *." One element of one other ground of defense was found against the defendant (there being, according to the terms of the submission, no findings upon the other elements), namely, "that immediately prior to the collision in question the Dotson car was not being driven on its left-hand side of the paved portion of the highway."

Upon said verdict the Court rendered judgment for the defendant, from which the plaintiffs have appealed.

It is apparent that the only basis of the judgment is the finding that "immediately prior to the collision [which occurred in the night time] * * * the Dotson car was being driven at a speed in excess of fifty-five miles per hour," which was "a proximate cause of the collision * * *." In legal effect this constituted a finding of negligence, per se, on the part of Horace Dotson, the owner and driver of the car, and plaintiffs' intestate. Vernon's Ann.P.C. Art. 827a, Sec. 8. This basis of the judgment is challenged by appellants in four points. The first point is to the effect that there was no evidence supporting the finding of unlawful speed of the Dotson car, and the second point is that such evidence, if any, was insufficient. The third point is to the effect that there was no evidence that the speed of the Dotson car was a proximate cause of the collision, and the fourth point is to the effect that such evidence, if any, was insufficient.

We have carefully considered the evidence in the light of the record and briefs, and have reached the conclusion that none of these four points is sustained. There were five occupants of the Dotson car, and all of them were killed—three instantly, and the other two never regaining consciousness. The only eyewitness of the collision was the driver of defendant's truck. There was, therefore, not unnaturally, no direct positive testimony to the effect that the speed of the Dotson car was not over fifty-five miles per hour. There was opinion evidence to the effect that such speed was over fifty-five miles. There was no evidence of physical facts such as to require, as the only reasonable conclusion therefrom, that such speed was not over fifty-five miles per hour. On the contrary, physical facts, together with, or independently of, the estimate of witnesses, in our opinion, raised the issue and warranted the finding that such speed was over fifty-five miles per hour.

■■ The contention that the speed of the Dotson car, even if over 55 miles per hour, was supported by no evidence, or by insufficient evidence, to show that same was a proximate cause of the collision, seems to be predicated upon the assumption as a fact that the Dotson car was on its proper right-hand side of the highway.

True, the jury so found, but no effect should, in our opinion, be given to such finding in considering whether there was any evidence, or whether the evidence was insufficient, upon the issue of proximate cause now under consideration. Appellee contends that the evidence should be held as establishing conclusively that the Dotson car was on its left-hand side of the highway in the path of defendant's truck. Be that as it may, there was at least evidence amply sufficient to raise an issue of the fact that it was on its left-hand side of the highway, and such evidence was at the same time applicable to the issue of proximate cause. If a jury's finding upon some element of a ground of recovery, or ground of defense, not constituting any part of the basis of the judgment challenged upon appeal, may be appropriated and made conclusive upon some other ground of recovery, or ground of defense, which does constitute the basis of such judgment, then the provision that issues shall be separately submitted and separately found would be rendered entirely nugatory. In considering a question of the existence or sufficiency of evidence to support a verdict upon a particular issue, the entire evidence is properly to be considered unaffected by any conclusion or finding of the jury upon other and independent issues.

■■ Appellant's fifth point is: "The Defendant was liable on the verdict and the uncontradicted evidence under the 'last clear chance' doctrine." If it be assumed that the pleadings sufficiently tendered a ground of recovery based on the "last clear chance" doctrine, or doctrine of discovered peril, the issues constituting essential elements thereof were not submitted to the jury, and there can be no doubt, we think, that such issues were not conclusively established by the evidence. One issue submitted and found against the defendant, namely, the failure of defendant's truck driver to turn to the right (off the highway), no doubt was referable to such ground of recovery, but no effect can be given to same because of the absence of findings upon other essential issues, such, for example, as whether the discovery was made in time that by use of the means at hand, in the exercise of ordinary care, the driver could have avoided the collision. It is to be borne in mind that the judgment in no respect rests upon the finding upon the single issue relating to discovered peril

and there can, therefore, be no implied finding of other essential issues embraced in that ground of recovery.

We deem it unnecessary to discuss appellee's "cross points", although we are inclined to the view that some, if not most of them, are meritorious.

It is our conclusion that the judgment should be affirmed, and it is accordingly so ordered.