## J. P. WORD TRANSFER CO. v. LEWIS et al.

### No. 12438.

Court of Civil Appeals of Texas. Dallas.

June 25, 1938.

Walter B. Branan, of Dallas, for appellant.

Wright K. Smith, of Dallas, for appellees.

LOONEY, Justice.

H. L. Lewis, in his own behalf and as next friend for his minor daughter Marie, sued the J. P. Word Transfer Company, a corporation, to recover damages received in a collision, between the automobile in which plaintiffs were riding and a truck being driven by William Walkenshaw, in the City of Dallas on December 23, 1933; H. L. Lewis sought damages for injuries to his automobile and for certain incidental damages, and Marie sought damages for personal injuries. It was alleged, in substance, that the collision was due to the actionable negligence of the driver of the truck, who at the time was operating same at the instance and in pursuit of the business of the Transfer Company. At the conclusion of the evidence, the Transfer Company moved for an instructed verdict, which being denied the case was submitted to a jury, resulting in findings altogether favorable to the plaintiffs, upon which the court rendered judgment in favor of H. L. Lewis for $52 and Marie for $100, from which this appeal was prosecuted.

The instant suit arose out of the same set of facts involved in cause number 12443, styled Irene Lewis, by next friend, Appellant, v. J. P. Word Transfer Company, Appellee, 119 S.W.2d 106, decided today, in which we affirmed the judgment of the trial court, rendered on an instructed verdict in favor of the Transfer Company.

All questions disposed of herein have been properly raised. While the evidence shows that the proximate cause of the collision was the negligence of Walkenshaw, driver of the truck, the decisive question is the correctness, whether or not, of the action of the court in overruling defendant's motion for an instructed verdict.

As in the companion case, J. P. Word testified, at the instance of the plaintiff, in substance that: Walkenshaw owned the truck he was driving at the time and was operating same for himself, without any connection with the Transfer Company. Walkenshaw, corroborating the testimony of Word as to the ownership and operation of the truck, testified that, at the time of the accident, he was using the truck in his own business; was working for the C.W.A., hauling wood from a tract of land near Grand Prairie to the C.W.A woodyard on Young Street, in Dallas; was being paid 40¢ per hour for his time and 50¢ per hour for his truck; that on the occasion in question had delivered a load of wood to the woodyard and was on his way back to Grand Prairie when the collision occurred. Jay Roundtree testified that, on December 23, 1933 (date of accident) he worked in the office of J. P. Word Transfer Company, and that Walkenshaw was not working for defendant company. The testimony of these witnesses is not contradicted and, in our opinion, overwhelmingly disproves plaintiffs' allegations.

But it is insisted, as in the companion case, that the truck having the name of the Transfer Company upon its sides, and being registered in its name in the Highway Department of the Tax Collector's office, were circumstances sustaining plaintiffs allegations as to the ownership and operation of the truck. For reasons stated and on the authorities cited in the opinion in the companion case, we overrule this contention.

It is also insisted, as in the other case, that statements made by Walkenshaw at the scene of the accident and soon thereafter, to the effect that, he was working for the Transfer Company, and that the truck belonged to it, were sufficient to raise the issue as to the Transfer Company's ownership and operation of the truck, and to sustain the findings of the jury. For reasons stated and on authorities cited in the opinion in the companion case, this contention is also overruled.

The evidence, in our opinion, suggests no theory upon which the verdict and judgment below can be sustained; therefore, the same is reversed and judgment is here rendered for defendant that plaintiffs take nothing.

Reversed and rendered.