EMPIRE GAS & FUEL COMPANY V. ED MUEGGE ET AL.

No. 7529. Decided October 23, 1940.
Rehearing overruled December 18, 1940.
(143 S. W., 2d Series, 763.)

*Albert Stone,* of Brenham, *Baker, Botts, Andrews & Wharton* and *W. M. Bryan,* all of Houston, for plaintiff in error.

The presumption that the truck involved in the controversy belonged to the defendant is a mere rule of procedure and vanished when uncontroverted positive evidence to the contrary was introduced. Riggs v. Hadden Co., 94 S. W. (2d) 152;

Houston News Co. v. Shavers, 64 S. W. (2d) 384; Hudson v. Ernest Allen Motor Co., 115 S. W. (2d) 1167.

Declarations of agent or employee are not admissible without independent proof of such alleged agency. Latham v. Pledger, 11 Texas 439; Webb-North Motor Co. v. Ross, 42 S. W. (2d) 1086.

*W. J. Embrey* and *Richard Spinn*, both of Brenham, for defendants in error.

On the question of ownership of truck. Gregg v. De Shong, 107 S. W. (2d) 893; Universal Tranp. Co. v. Ramos, 37 S. W. (2d 238; Greenway v. Great A. & P. Tea Co., 114 S.W. (2d) 436.

On burden of proof. Roadway Exp., Inc., v. Gaston, 91 S. W. (2d) 883; H. F. Hohlt Co. v. Routt, 48 S. W. (2d) 386.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals affirmed a judgment of the trial court in favor of defendants in error Muegge and Pardowski against plaintiff in error Empire Gas & Fuel Company for $1,358.20, on account of personal injuries and damage to their automobile truck and other property, sustained when the truck in which they were traveling turned over and was wrecked in avoiding collision with an automobile truck, loaded with a ditch-digging machine, which had become wedged in an underpass on a public highway. 116 S. W. (2d) 758.

Application for writ of error was granted on the assignment that the trial court erred in overruling the defendant's (plaintiff in error's) motion for an instructed verdict. All of the special issues submitted were answered favorably to defendants in error. By the jury's affirmative answer to Special Issues 1 and 2 liability was imposed upon plaintiff in error for the operation of the truck which was wedged in the underpass. The first special issue was:

"Do you find from a preponderance of the evidence that the loaded Chevrolet Truck in question was owned or operated by the defendant, Empire Gas & Fuel Company, at the time, place and occasion complained of by the plaintiffs?"

The second special issue was:

"Do you find from a preponderance of the evidence that the defendant, its employees, servants or agents, blocked the underpass on Highway No. 20, east of Brenham, at the time,

place and occasion complained of, with the Chevrolet Truck loaded with ditching machinery?"

Plaintiff in error contends that the evidence did not raise these special issues, and that on the contrary it conclusively appears from the evidence that the truck was not owned by it, that the driver of the truck was not its employee, and that the truck was not being operated either by or for it. It becomes necessary to set out the evidence relied upon by defendants in error to charge plaintiff in error with liability for the negligent operation of the Chevrolet truck, and by reason of the nature of that evidence it will be necessary to set out also the evidence relied upon by plaintiff in error.

The accident occurred August 14, 1935. The truck which became wedged in the underpass was driven by one Warren Angel, a resident of Oklahoma. Ed Muegge, one of defendants in error, testified that a short time after the accident he asked the man driving the truck to furnish him his name and address and the number of the truck and that the man wrote on a piece of paper and gave it to him. The memorandum so written was admitted in evidence over the objection of plaintiff in error. It is: "Empire Gas & Fuel Company, Texas 162-347. Bartlesville, Okla. Warren Angel."

Defendants in error offered in evidence certified copies of two duplicate registration certificates. One of these certificiates shows the registration of the Chevrolet truck in Gray County, Texas, on March 29, 1935, in the name of Empire Gas & Fuel Company as owner, and the other shows the registration of the same truck in Gray County on July 17, 1935, also in the name of Empire Gas & Fuel Company as owner.

A member of the Texas State Highway Patrol testified that after the accident, when the truck had been driven to the town of Brenham, he asked Warren Angel, whom he found in charge of the truck, to give him such registration certificates and permits as he had and that Angel gave him the two registration certificates and also a permit to transport the load over the highways. These Angel took from the truck. According to the testimony of the witness, the law requires truck drivers to carry such certificates and permits in their truck at all times. The permit, a photostatic copy of which is in evidence, was issued at Paris, Texas, on August 12, 1935, by a division bookkeeper and a division engineer of the Texas Highway Department. By its terms it gives authority to Empire Gas & Fuel Company to transport the truck and its load, the ditch-digging machine, with an aggregate gross weight of 23,470 pounds,

from Denison, Texas, to Yoakum, Texas, over a designated route.

The foregoing is a statement of the substance of all of the evidence offered by defendants in error, before they rested, bearing upon ownership or operation of the truck by plaintiff in error.

G. L. Wheatley testified by deposition as follows: He is and has been for nine years superintendent of the motor transport division of Empire Gas & Fuel Company, having supervision of the purchase, maintenance and operation of motor vehicles, and being in charge of registration of motor vehicles owned by the company. His office keeps a record of the registration of all the company's trucks. Empire Gas & Fuel Company has never owned the truck which was wedged in the underpass and the records of the company do not reflect that it ever owned it. In the questions the truck was identified by make, model and engine number. He never caused that truck to be registered in the State of Texas in the name of Empire Gas & Fuel Company and never authorized anyone so to register it. Empire Gas & Fuel Company did not have any operations at or near Yoakum, Texas, during the month of August, 1935, which would have necessitated the use of a ditching machine. He did not authorize anyone to obtain a permit in the name of Empire Gas & Fuel Company for the transportation of a ditching machine over the highways of the State of Texas during the month of August, 1935. He did not know until about September 1, 1935, that the truck was registered in the name of the Empire Gas & Fuel Company or that a permit had been issued in the name of said company to transport a ditching machine.

J. E. Howell, general superintendent of oil production of Empire Gas & Fuel Company testified as follows: He has held such position for the past six years, his duty being to supervise the operations of all development and construction of the oil production division of the company. He has control of the operation of the company in the State of Texas. Warren Angel has never been employed by Empire Gas & Fuel Company in any capacity. During the month of August, 1935, Empire Gas & Fuel Company was conducting operations in various counties in Texas, but none at or near Yoakum. The company had no interest in the transportation of a ditch-digging machine from Denison, Texas, to Yoakum on or about August 14, 1935, and did not authorize J. R. Stewart or any other person to make application for a permit to transport it. J. R. Stewart was not employed by Empire Gas & Fuel Company in any capacity dur-

ing the month of August, 1935. He first learned that the truck was registered in the name of Empire Gas & Fuel Company in the latter part of August or early part of September, 1935.

The testimony of Owen Hartness by deposition was offered by plaintiff in error and is in substance as follows: In August, 1935, he was engaged, as now, in the transfer and storage business in Pawhuska, Oklahoma, owning and operating nine trucks, among them being the Chevrolet truck identified by model and engine number as the truck which transported the ditch-digging machine from Denison, Texas, to Yoakum, Texas. He bought the truck about March 1, 1935, and has owned it since he bought it. The truck was used to transport a ditching machine from Denison, Texas, to Yoakum, Texas, in the month of August, 1935. As far as he knew the Empire Gas & Fuel Company had no connection with the transportation of the machine. In August, 1935, he leased the truck to J. R. Stewart, af J. R. Stewart Construction Company, to be used to transport the ditching machine and employed Warren Angel to drive the truck. Angel was paid by him but was to take his instructions from Stewart. He procured licenses for the truck in the states of Oklahoma, Texas, Missouri and New Mexico and paid the fees. Hartness testified that he registered the truck in Gray County, Texas, on March 29, 1935, in the name of the Empire Gas & Fuel Company. In explanation of such action, he testified that he had at about that time a contract with the Empire Gas & Fuel Company to move some material for it from Texas to Kansas and found that it was both overload and overlength and that he would have to procure a special permit, which required a bond in Texas, and that, on his own account and for his own convenience, he registered the truck in the name of the Empire Gas & Fuel Company, to save himself the time, trouble and expense of registering it in his name and giving bond. Later the registration certificate was lost and at his instruction his employee, Frank Archambo, on July 17, 1935, in order to procure another license, registered the truck again in Gray County. This registration was made in the name of the Empire Gas & Fuel Company because the first registration was so made and for the same reason.

The testimony of J. R. Stewart by deposition was offered by plaintiff in error and is in substance as follows: He is and was in August, 1935, owner of J. R. Stewart Construction Company, engaged in the business of laying pipe lines. He was not employed in any capacity by Empire Gas & Fuel Company during August, 1935. That month he was engaged in laying a pipe

line near Yoakum, Texas, for Southwest Gas Company. Empire Gas & Fuel Company was in no way interested in that work and had no connection with it. He owned the ditching machine which was being transported from Denison, Texas, to Yoakum, Texas, in August, 1935, in a truck owned by Owen Hartness and driven by Warren Angel. He made a contract with Hartness for the transportation of the machine. It was to be picked up at Seminole, Oklahoma, and delivered to Yoakum, Texas. He had no contract with Empire Gas & Fuel Company in connection with the transportation of the machine and made no arrangements about it with anyone except Hartness. He knew that the truck was registered in the name of Empire Gas & Fuel Company and that the certificates were carried in the truck. At the request of Hartness he procured from the Texas Highway Department, in the name of Empire Gas & Fuel Company, the permit for carrying the overload on the truck, signing his name to the application for the permit, which was issued at Paris, Texas. The officer who issued the permit required no evidence of authority or ownership except the registration certificate, which he submitted to him. He delivered the permit to the driver.

Plaintiff in error propounded interrogatories to Warren Angel and endeavored to procure his deposition but it was not procured in time for the trial. One of the assignments in the application for writ of error complains of the action of the trial court in overruling plaintiff in error's motion for continuance based on the absence of Warren Angel and its inability to procure his attendance or his deposition.

In rebuttal and from the cross examination of witnesses who testified by deposition, defendants in error introduced the following evidence: A bond executed by Empire Gas & Fuel Company, with a surety, on March 24, 1934, in the sum of $5,000.00, payable to the State Highway Department of Texas, conditioned that the company would make payment for any damages which any road or bridge traversed or crossed might sustain in consequence of the transportation permitted under any permit issued by the State Highway Department, the bond to apply to any permits issued during the twelve months' term from the date thereof; and another bond of like form and tenor, executed March 20, 1935, given to continue the first bond in effect for a term of twelve months, beginning March 24, 1935. It was shown that the last of these bonds was mailed to the State Highway Department on March 29, 1935, by an assistant general superintendent of Empire Gas & Fuel Company, with the re-

quest that it notify various officers of the state of the filing of the bond so that applications for permits for overloads might be made in the different districts.

It is shown by the testimony of Owen Hartness that during March, 1935, as at other times, he was engaged in transporting machinery, equipment and pipe in Oklahoma and occasionally went into Texas and other states for loads or to take loads, under contract, and that about March 29, 1935, he was employed by H. G. Briggs, who works for Empire Gas & Fuel Company, to transport some oil field equipment from Pampa to Kansas. Defendants in error offered in evidence copies of two overload permits, which appear to be duplicates, issued by the Texas State Highway Department, dated March 29, 1935, giving authority to Empire Gas & Fuel Company to transport a storage tank in the Chevrolet truck from Pampa to the Oklahoma line.

Over objection by plaintiff in error that the documents bore no seal and no certificate of the authority of the person purporting to certify to them, the court admitted in evidence, offered by defendants in error, photostatic copies of an application for certificate of title for the Chevrolet truck made by Owen Hartness to the Motor Vehicle Department of the State of Oklahoma on March 13, 1935, a transfer or assignment of title to the said truck from Hartness to Empire Gas & Fuel Company dated March 28, 1935, and a certificate from the State Highway Commission of Oklahoma dated March 28, 1935, showing that the truck had been registered as belonging to Empire Gas & Fuel Company.

The evidence offered by defendants in error to prove that the Chevrolet truck was being operated at the time of the accident by or for Empire Gas & Fuel Company consisted of proof that the truck was registered in the name of that company and that a permit was issued to that company authorizing it to transport the ditching machine in the truck and the memorandum given by the driver of the truck to one of defendants in error. For the reasons hereinafter set out, the memorandum should not have been admitted and no effect can be given to it as evidence.

■ Proof that the truck was registered in the name of Empire Gas & Fuel Company raised the presumption that it was owned by that company, and if evidence had shown that Warren Angel, the driver of the truck, was in the employ of the Empire Company, the further presumption would have been raised that such driver was acting within the scope of his employment. Broaddus v. Long, this volume, p. 353, 138 S. W. (2d) 1057,

1058. There is no evidence in the record that Warren Angel was ever employed by the Empire Company. We need not determine in this case whether, from the operation of the truck on the highway under registration in the name of Empire Gas & Fuel Company, the presumption arises that the driver was an employee of that company, for, on the same principle that makes registration evidence, prima facie, of ownership, it seems that the issuance of the permit in the name of Empire Gas & Fuel Company to transport the ditching machine in the truck raised the presumption that it was being transported for that company.

■ It is settled in this State, and by the weight of authority elsewhere, that such presumption is not evidence but rather a rule of procedure or an "administrative assumption" which "vanishes" or is "put to flight" when positive evidence to the contrary is introduced. Lewis v. J. P. Word Transfer Co., 119 S. W. (2d) 106; J. P. Word Transfer Co. v. Lewis, 118 S. W. (2d) 641; Houston News Company v. Shavers, 64 S. W. (2d) 384 (application for writ of error refused); Texas News Company v. Lake, 58 S. W. (2d) 1044; Alfano v. International Harvester Co., 121 S. W. (2d) 466; Hudson v. Ernest Allen Motor Co., 115 S. W. (2d) 1167; Haden v. Riggs, 84 S. W. (2d) 789, 794, affirmed 127 Texas 314, 94 S. W. (2d) 152; Caswell v. Maplewood Garage, 84 N. H. 241, 149 Atl. 746, 73 A. L. R. 433; Tullis v. Blue, 216 Ala. 577, 114 So. 185; 20 Amer. Jur. pp. 170-171, Sec. 166.

■ The presumption is a true presumption, which has been defined as "a rule of law laid down by the courts which attaches to facts certain procedural consequences." McCormick & Ray's Texas Law of Evidence, Sec. 32, p. 48. It places on the party against whom it operates the burden of producing evidence. It is not evidence and when met by rebutting proof is not to be weighed by the jury or treated by the jury as evidence in arriving at a verdict. McCormick & Ray's Texas Law of Evidence, pp, 51, 58, Sections 34, 37; 20 Amer. Jur. pp. 170-171, Sec. 166.

That such is the established rule in this State is settled by the authorities above cited, particularly Lewis v. J. P. Word Transfer Co. and Houston News Co. v. Shavers. In the Lewis case Associate Justice Looney quoted with approval a full and clear statement of the rule and its effect from the opinion of Associate Justice Alexander in the Shavers case. The approval by this court of the rule there stated, the substance of which has been given above, is evidenced by its refusal of application for writs of error in both cases.

It follows that the presumption as to the ownership of the truck arising from the registration and the presumption as to its use in transporting the ditching machine arising from the permit are not to be regarded as having raised an issue or issues of fact for the jury's determination if such presumptions were met by positive rebutting proof.

There is conflict in the decisions as to the degree and character of proof necessary to rebut or overcome such presumption. By some it is held that the presumption disappears when met by positive proof or substantial proof or by evidence which the jury has the right to believe or by the uncontradicted testimony of the defendant. Others hold that the presumption is not overcome by the testimony of the defendant alone or by the testimony of interested witnesses or by evidence which the jury has the right to disbelieve. See the authorities discussed in notes, 42 A. L. R. 907-908; 74 A. L. R. 954-958; 96 A. L. R. 637-640; McCormick & Ray's Texas Law of Evidence, pp. 51-52, Sec. 34. The authorities are, however, in almost complete agreement that the presumption is conclusively overcome by clear, positive and undisputed evidence. See the Texas cases, supra, and the decisions in the A. L. R. notes above cited.

In the instant case plaintiff in error made full disclosure of the facts within its knowledge bearing upon the controverted question. The substance of the testimony of two of its officials, whose duties and records in their custody were such that they should know the facts as to ownership of the truck and its operation, is that the company did not own the truck, did not authorize it to be registered in its name, and did not authorize the permit to be issued in its name, that Warren Angel had never been employed by the company and that it was in no way interested in the operation of the truck or in the transportation of the ditching machine.

The testimony of these witnesses is clear, positive and uncontradicted, but if it should be discredited because they are employees of plaintiff in error, it is fully corroborated by the testimony of Hartness and Stewart. The substance of their testimony is that Hartness owned the truck, that the driver Warren Angel was employed by Hartness, and that by contract between Hartness and Stewart, to which Empire Gas & Fuel Company was in no way a party, the ditching machine owned by Stewart was being transported in the truck owned by Hartness and driven by Hartness' driver, to be used by Stewart near Yoakum, Texas, in the performance of Stewart's contract to lay a pipe line for the Southwest Gas Company.

■ Even if the several acts of Hartness in registering the truck in the name of Empire Gas & Fuel Company and procuring permits for overloads in its name, together with evidence that Hartness, at about the time the truck was first registered, did certain hauling from Pampa to Oklahoma and Kansas under contract with plaintiff in error, should be considered evidence sufficient to raise an issue of fact as to the ownership of the truck; still there is no evidence whatever in the record that the truck at the time of the accident was operated by an employee of Empire Gas & Fuel Company or in furtherance of the business of that company. As to that essential element of defendants in error's case, the clear, positive and undisputed evidence is that the truck at that time was not operated by, for or in the interest of said company.

The memorandum written by the driver and delivered to defendant in error Muegge a short time after the occurrence of the accident was: "Empire Gas & Fuel Co. Texas 162-347. Bartlesville, Okla. Warren Angel." It was written and delivered in response to the request of Muegge that the driver furnish him his name and address and the number of the truck. This memorandum seems to be a statement that the truck is registered in the name of Empire Gas & Fuel Company, that the registration number is Texas 162-347 and that the driver's name is Warren Angel. So construed, it adds nothing, even if admissible, to the proof made by the registration certificates. If the memorandum is read as meaning that Angel at the time was acting as an employee of Empire Gas & Fuel Company, it clearly is inadmissible under the settled rule, equally applicable to the relation of master and servant, that the fact of agency cannot be proven by declarations of the alleged agent. Lewis v. J. P. Word Transfer Co., 119 S. W. (2d) 106, 108 (application for writ of error refused) ; Gibson v. Gillett Motor Transport, Inc., 138 S. W. (2d) 293 (application for writ of error refused.)

The Lewis case is directly in point. In that case, the trial court admitted a statement, made by the driver of the truck at the scene of the accident and soon after its occurrence, to the effect that he was working for the defendant transfer company and that the truck belonged to it. It was held that this evidence was no part of the res gestae but was mere hearsay and should have been excluded. In support of the conclusion that the statement as to the driver's employment was not part of the res gestae, the court quoted from the opinion written by Associate Justice Martin in Stokes Bros. v. Thornton, 91 S. W. (2d) 756, as follows: "His employment was not a part of the

collision. The transaction, speaking of itself spontaneously through him at the time, could not include such unrelated statement." See also Webb-North Motor Co. v. Ross, 42 S. W. (2d) 1086; Alfano v. International Harvester Co., 121 S. W. (2d) 466; Linden Lumber Co. v. Johnston, 128 S. W. (2d) 121; McCormick and Ray's Texas Law of Evidence, pp. 661-662, Sec. 508.

The trial court should have instructed a verdict for plaintiff in error. However, the cause will be remanded rather than rendered, the court not being thoroughly satisfied that the facts have been fully developed.

In view of another trial, other assignments of error will be discussed briefly. Photographs of the scene of the accident offered in evidence should have been admitted. The objections made went to the weight of the photographs as evidence rather than to their admissibility. There was testimony that the photographs, although taken after the occurrence of the accident, fairly and accurately represented the underpass and the approach to it as they existed on the day of the accident.

■ Objection made to the introduction of photostatic copies of certain instruments on file in the office of the title division of the State Highway Commission of the State of Oklahoma, for want of sufficient authentication, should have been sustained. The copies were authenticated only by certificate, without seal, signed by the chief enforcement officer of the State Highway Commission. Newsom v. Langford, 174 S. W. 1036; Id. (Com. App.) 220 S. W. 544, 22 C. J. pp. 852-854, Secs. 1015-1020; McCormick and Ray's Texas Law of Evidence, Sec. 583, pp. 740-742.

■ The portion of the court's charge which instructed the jury that the "burden of proof is upon the plaintiffs to establish their allegations and damages by a preponderance of the evidence" should have been omitted. Gattegno v. The Parisian, (Com. App.) 53 S. W. (2d) 1005. The preferred method of dealing with the question of burden of proof in submitting cases on special issues is that suggested and explained in Federal Surety Co. v. Smith, (Com. App.) 41 S. W. (2d) 210, 214, and Traders & General Insurance Co. v. Jenkins, 135 Texas 232, 141 S. W. (2d) 312.

Objection should have been sustained to special issues Nos. 1 and 2, which have been set out at the beginning of this opinion. Each of said issues submits more than one distinct and separate question of fact.

Questions presented by other assignments probably will not arise on another trial.

The judgments of the district court and the Court of Civil Appeals are reversed and the cause is remanded to the district court.

Opinion adopted by the Supreme Court October 23, 1940.

Rehearing overruled December 18, 1940.