IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00123-CV

 

In the
Interest of A.M.W. and A.H.W., MINOR CHILDREN

 

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2003-2553-1

 



dissenting Opinion










 

          This is a termination of parental
rights case.  There are a number of serious issues about our society that are
present in this case but that cannot be resolved by this case.  There are also
a number of issues about our legal system, in particular this type of case,
presented in this case.  But even these issues about the legal system cannot be
resolved by this case, or at least not by this Court.  Finally, there are a
number of issues, legal issues that have been properly raised in this appeal
that can be resolved by this Court.

          The issue that the majority addresses
results in a reversal.  Finding legally sufficient, but not finding factually
sufficient, evidence to support the fact finder’s determination, the case is
reversed and remanded, presumably for another trial.  I disagree.  I strenuously
disagree.

          First, we must understand the standard
by which we must review the fact finder’s determination.  We must understand
the standard for the review of each appellate issue, the legal sufficiency, and
the factual sufficiency, of the evidence to support the finding on the element
being reviewed.  For the most part, we use the same process whether it is an
express finding or an implied finding.  We also use the same analysis if the
fact finder was the trial court or a jury.

          The appellate issue that this Court is
struggling with, at least I am, is the review of an ultimate issue with a
heightened burden of proof at trial.  This case presents an excellent
opportunity to clarify how we conduct that review. The reason this is an
excellent case is that there does not appear to be any disputed evidence. Note
I use the term “evidence,” not factor, not element, not issue.  The legal
issue, the ultimate issue, being addressed is whether the parental rights of Barbara
Bernard to A.M.W. and A.H.W. should be terminated.  This issue is composed of
two elements, a predicate act and the best interest of the child.  The element
that we are focused upon is the best interest of the children.  The finding on
this element is what has been challenged.

          The standards for our review are
expressed in the two leading cases, J.F.C. and C.H.  In the
Interest of J.F.C., 96 S.W.3d 256 (Tex. 2002); In re C.H., 89 S.W.3d
17 (Tex. 2002).  But I, for one, will concede that I need some help
understanding the distinction between the legal sufficiency review as
distinguished from the factual sufficiency review when we are dealing with an
elevated burden of proof at trial.  If in this case there is legally sufficient
evidence but not factually sufficient evidence, I have completely missed the
import of the discussion of our review in J.F.C.  

          After the majority concludes that
there is factually insufficient evidence under a clear and convincing standard,
they go so far as to question whether the evidence even preponderates in favor
of termination.  In this context, if the evidence does not even preponderate in
favor of termination, I do not believe it would rise to the level of being
legally sufficient evidence to support the finding in support of termination. 
Thus, I believe that if my understanding of how we are to review a termination
case is correct, there is both legally and factually sufficient evidence.  But
if I am wrong on whether there is factually sufficient evidence, I, and the
majority, must also be wrong in concluding that there is legally sufficient
evidence.

          My critique of the majority opinion
is, however, frustrated by their total failure to properly support and explain
their opinion.  Unless the Supreme Court was merely giving a suggestion when it
stated in J.F.C. a “court of appeals should detail in its opinion why it
has concluded that a reasonable factfinder could not have credited disputed
evidence in favor of the finding,” the majority errs – because it has not done
so in its opinion.  In the Interest of J.F.C., 96 S.W.3d 256, 266-267 (Tex. 2002).  It has likewise failed in the past.  In the Interest of S.A.P., 169 S.W.3d
685, 712 (Tex. App.—Waco 2005, no pet.)(op. on rehr’g)(Gray, C.J., dissenting). 
Such a detailing is essential to understand how the evidence is legally sufficient
but not factually sufficient.  Such detailing in the opinion is also
particularly useful to further assist the Supreme Court in its determination of
whether the lower court properly applied the standard of review.

          This case, incidentally, presents a
near perfect opportunity to do just that, clarify the distinction between
reviewing the legal and factual sufficiency of the evidence.  It is also,
unfortunately, like the perfect storm, when a myriad of weather conditions
occur simultaneously to produce a storm of cataclysmic magnitude.  Having
personally read the entire record, I have not found what I would characterize
as disputed evidence on any evidentiary fact of consequence.  I will have to
say I thought I had found a disputed evidentiary fact on whether Barbara had
used cocaine during her pregnancy after she knew she was pregnant.  Initially
she denied such use, but later, when confronted with a prior written statement,
she not only admitted that she made the statement, but also admitted that she
had used cocaine while pregnant after she knew she was pregnant.  But
otherwise, this record presents no choices to be made by the fact finder about
disputed evidentiary facts of any consequence.  The review of the
best-interest-of-the-child is a factor analysis.  In the Interest of B.R.S.,
166 S.W.3d 373, 378 (Tex. App.—Waco 2005, no pet.)(Gray, C.J., dissenting). 
And while there are no disputed evidentiary facts of consequence, some of the
evidence on the various factors may weigh in favor of termination while other
factors may weigh against termination.

          Because there are no disputed
evidentiary facts of consequence, what this case apparently turns upon is
whether the trial court’s determination can be decided de novo on appeal.  I
believe that is what the majority has done.  There is no indication in the
majority opinion that any deference was given to the fact finder’s
determination.  The trial court had before it a mother with a 20-year history
of drug abuse, periods of incarceration, residence in a variety of treatment
centers and halfway houses, and an equally long history of relationships with
abusive men, one of which had fathered the two children which are the subject
of this suit.  The same man had also fathered another child with Barbara to which
their parental rights had already been terminated before their move to Texas.  And significantly, Barbara could not explain whether that termination was a
voluntary relinquishment versus an involuntary termination.

          For comparison against this 20-year history
was a brief recent period of being clean while living in a 3/4 house.  I cannot
help but think that the testimony that Barbara would be on the street within 30
minutes of a dirty UA, or refusal to take a UA, would be compelling evidence
that this risk is not the type stable home environment the fact finder thought
these children needed when dealing with a mother with a 20 year history of
relapses to the use of cocaine.

          But no useful purpose will be served
by my lengthy recitation of particularized evidence.  As I have stated before,
the dumping of mass quantities of evidence into an opinion in a manner designed
to push the reader towards a result does little to assist me in determining if
the majority has properly applied the standard of review or, for that matter,
whether the majority reached a result supported by the law.  In the Interest
of S.A.P., 169 S.W.3d 685, 712 (Tex. App.—Waco 2005, no pet.)(op. on remand)(Gray,
C.J., dissenting).  This has forced me to conduct my own analysis of the record. 
I find the trial court’s judgment is supported by factually sufficient evidence
under the standard of review articulated in J.F.C.  In the Interest
of J.F.C., 96 S.W.3d 256, 266-267 (Tex. 2002)

          One thing I believe the majority has
confused is a presumption that the best interest of the child is to be with its
parents, with evidence.  When evidence, in a termination case clear and
convincing evidence, contrary to the presumption is introduced, the presumption
vanishes and we are left with the duty to review the evidence upon which the fact
finder made its determination.  “A presumption is not evidence but rather a
rule of procedure or an ‘administrative assumption’ which ‘vanishes’ or is ‘put
to flight’ when positive evidence is introduced.  It is not evidence, and when
met by rebutting proof, it is not to be weighed by the jury or treated by the
jury as evidence in arriving at a verdict.  Strain [v. Martin],
183 S.W.2d [246,] at 247 [(Tex. App.—Eastland 1944, no writ)].”  Appellant’s
brief, pg. 22.  The vanishing presumption language the Eastland Court quoted
was taken from a 1940 Texas Supreme Court case which has been cited by the Supreme
Court for that proposition as late as 1993 and followed by this Court in 1975. 
Empire Gas & Fuel Co. v. Muegge, 143 S.W.2d 763, 767-768 (Tex. 1940); see General Motors Corp. v. Saenz ex rel. Saenz, 873 S.W.2d 353,
359 (Tex. 1993); H. E. Butt Grocery Co. v. Bruner, 530 S.W.2d 340, 344
(Tex. App.—Waco 1975, writ dism’d by agr.).  The majority has already
determined that clear and convincing evidence contrary to the presumption was
introduced by holding the evidence legally sufficient. But the majority continues
to put great weight on the presumption, even after clear and convincing evidence
to the contrary was introduced.

          I also question upon what evidence the
majority’s determination of legal sufficiency is actually based.  After dumping
a huge volume of evidence into the opinion for the reader to struggle through,
they set out in a single application paragraph their determination of legal
sufficiency.  The only evidence referenced in this paragraph is the testimony
of two CPS witnesses, Hays and Grohoske.  It appears this may be the only
evidence considered in their legal sufficiency review.  This is not what J.F.C.
instructs us to consider in conducting a legal sufficiency review.  But, again,
because of the manner in which the majority has presented the analysis, I am
unable to determine if they reviewed the evidence properly, or only sought some
evidence that would support the fact finder’s determination that termination
was in the best interest of the children.

          In addition to clarifying the manner
and scope of our review, this case may also present the opportunity to address
whether, when a heightened burden of proof is in place:

1.     
Do we need a factual
sufficiency review in addition to a legal sufficiency review.  See Johnson v.
State, 23 S.W.3d 1, 15 (Tex. Crim. App. 2000)(McCormick, P.J., dissenting);
Clewis v. State, 922 S.W.2d 126, 156 (Tex. Crim. App. 1996)(McCormick,
P.J., dissenting).  But see Southwestern Bell Telephone Co. v. Garza,
164 S.W.3d 607, 621 (Tex. 2004).

 

2.     
Because there are
constitutional issues presented, is the proper standard a redetermination of an
element or the ultimate issue by a de novo determination after an evaluation of
all the evidence.  See In re C.H., 89 S.W.3d 17, 29 (Tex. 2002)(Hecht,
J., concurring).

 

3.     
Can we determine the
evidence was not factually sufficient and, in effect, grant a continuance which
defeats the purpose of the deadline in the statute, notwithstanding that
legally sufficient evidence supports the determination that termination is in
the best interest of the children.

 

I could spend many more days on this case, but
because there will undoubtedly be further proceedings, and the childhood of
these children is quickly passing – I will hand this case off, with my dissent,
to the next court, hopefully a court with more resources to properly address
all the issues necessary to a proper disposition of this appeal.

But I cannot let this case pass without
commenting on what we, this Court, cannot fix.  It is this parent’s dependency. 
The dependency to which I refer is not on illegal drugs but on the State and
its support system.  The State support system is delivered when Barbara is in
dire need.  She has historically responded well when she is in a very
controlled environment, like prison.  Just about the time she regains control
of her life with the support structure provided by the State – housing – child
care – medical care – counseling – etc. – she loses State assistance.

With the loss of State assistance, she slides
into economic problems, hastened along by a bad relationship with a
non-supportive man.  The result, in cycles over the last 20 years, has been
depression, a sense of becoming overwhelmed, and a return to cocaine as an
escape.  This is then followed by another dose of State support.  And the cycle
starts over, again.

Currently the statutes are structured so that
after some number of these cycles we, as a society, leave the mother to live
with the future consequences of her past decisions.  At that point, we also
endeavor to save the child from having the result of its future determined by
the result of the parent’s past decisions.  It is not a perfect system.  It is
probably not even a good system.  We know there are serious flaws with it.  But
upon this record, I believe the trial court properly determined that the best
future for these two children was through what the State could provide if the
parental rights were terminated, rather than risking their future to see if
this last, brief, recent effort by the mother for rehabilitation of her own
life, was going to continue indefinitely into the future – when no program she
had tried in the last 20 years had the result for which we all hope.  The
question is not, as was clearly the defense strategy, whether to give the
mother one more chance.  The question is whether those who have been charged
with the protection of these children are correct in determining we can no
longer risk their future to the mother, and must, in the best interest of the
children, give the State the obligation to deliver to them a future better than
what their mother is currently capable.  This stability and prospect for the
future is the compelling State interest which justifies the interference of the
government with the parent-child relationship.  See In the Interest
of S.A.P., 169 S.W.3d 685, 707 (Tex. App.—Waco 2005, no pet.)(op. on remand);
Dupree v. Texas Dep't of Protective & Regulatory Servs., 907 S.W.2d
81, 87 (Tex. App.—Dallas 1995, no pet.).

The trial court, acting as the fact finder, made
a determination that is fully supported by the record, a fact finding that
should be upheld under the applicable standard of review.  Because the majority
reverses the judgment of the trial court, I dissent.

 

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed February 23, 2006